IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 2:22-cv-11260 |
| Plaintiff, | ) |
| | ) Dist. Judge Terrence G. Berg |
| v. | ) |
| | ) |
| JENNIFER S. ZACHARY and | ) |
| TODD N. ZACHARY, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**STIPULATED JUDGMENT**

The Plaintiff United States of America and Defendant Jennifer S. Zachary having stipulated to judgment regarding all causes of action against her in this case,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Plaintiff United States of America is entitled to judgment against Defendant Jennifer S. Zachary in the sum of $569,903.20, plus statutory additions from and after December 8, 2022, including interest, pursuant to 26 U.S.C. §§ 6601, 6621, 6622, and 28 U.S.C. § 1961(c), for unpaid federal income taxes (Form 1040) for tax years 2011, 2012, 2013, 2014, 2017, 2018, 2019, 2020, and 2021.

2. The United States has valid and subsisting federal tax liens under 26 U.S.C. §§ 6321 and 6322 for the federal income tax liabilities described in

paragraph 1, above, that have attached to and are enforceable against Defendant Jennifer S. Zachary's right to future real-estate commissions.

3. Until this judgment is paid in full, Defendant Jennifer S. Zachary shall report to the United States all real-estate contracts for which she will be entitled to receive a real-estate commission if the sale is consummated and shall pay portions of the commissions to the United States and the Internal Revenue Service in the manner described below. Until this judgment is paid in full, Zachary shall send counsel for the United States a copy of any fully-executed real-estate contract for which she is entitled to a future commission, within 3 business days after each such contract has been executed by the buyer and seller. Zachary shall not, in advance of any sale closing, sell her rights to future real-estate commissions to any third party, including but not limited to Premier Commission LLC.

4. Except for the adjustment described in paragraph 5 below for year 2023 only, real-estate commissions received by Defendant Jennifer S. Zachary from closings will be divided among Zachary and the United States (through separate payments to the U.S. Department of Justice-Tax Division ("DOJ-Tax") and the Internal Revenue Service ("IRS")) in the following manner, with the portion for the IRS understood to be for application to current-year tax in the manner of withholdings:

(a) The first $75,000.00 of cumulative real-estate commissions received by Zachary during any calendar year shall be divided as follows:

- Jennifer S. Zachary (48%)
- DOJ-Tax (32%)
- IRS (20%)

(b) The next $25,000 (after $75,000 referenced above has been reached) of cumulative real-estate commissions received by Zachary during any calendar year shall be divided as follows:

- Jennifer S. Zachary (40%)
- DOJ-Tax (35%)
- IRS (25%)

(c) The next $100,000 (after $100,000 referenced above has been reached) of cumulative real-estate commissions received by Zachary during any calendar year shall be divided as follows:

- Jennifer S. Zachary (35%)
- DOJ-Tax (35%)
- IRS (30%)

(d) Cumulative real-estate commissions exceeding $200,000 received by Zachary during any calendar year shall be divided as follows:

- Jennifer S. Zachary (30%)
- DOJ-Tax (33%)
- IRS (37%)

3

The word "received" as used in this paragraph and in paragraph 5 below shall include money received by any other person from any commission earned by Zachary including but not limited to pay any debt owed by her.

5. For calendar year 2023 only, real-estate commissions received by Defendant Jennifer S. Zachary from closings will be divided among Zachary and the United States (through separate payments to DOJ-Tax and the IRS) in the following manner, with the portion for the IRS understood to be for application to current-year tax in the manner of withholdings:

    (a) The first $75,000.00 of cumulative real-estate commissions received by Zachary during July through December of 2023 shall be divided as follows:

- Jennifer S. Zachary (48%)
- DOJ-Tax (22%)
- IRS (30%)

    (b) The next $25,000 (after $75,000 referenced above has been reached) of cumulative real-estate commissions received by Zachary during July through December of 2023 shall be divided as follows:

- Jennifer S. Zachary (40%)
- DOJ-Tax (30%)
- IRS (30%)

  (c)  The next $100,000 (after $100,000 referenced above has been reached) of cumulative real-estate commissions received by Zachary during July through December of 2023 shall be divided as follows:

- Jennifer S. Zachary (35%)
- DOJ-Tax (30%)
- IRS (35%)

  (d)  Cumulative real-estate commissions exceeding $200,000 received by Zachary during July through December of 2023 shall be divided as follows:

- Jennifer S. Zachary (30%)
- DOJ-Tax (33%)
- IRS (37%)

6.  Amounts paid to DOJ-Tax under paragraphs 4 and 5 will be applied to Defendant Jennifer S. Zachary's outstanding 2011-2014 and 2017-2021 federal income tax liabilities until satisfied in full, and shall be paid by Zachary as soon as practicable using checks made payable to the United States Department of Justice, with reference to CMN 2019100537, and shall be sent to the following address using FedEx or UPS or other overnight delivery service only (not USPS mail):

  U.S. Department of Justice, Tax Division
  Attn:  Financial Litigation Unit
  One Constitution Square Building
  1275 1st Street NE, Room 11501
  Washington, DC  20002

7.      Amounts paid to the IRS under paragraphs 4 and 5 above will be applied to Zachary's current calendar-year federal income tax liabilities, and shall be made directly by Zachary as soon as practicable using checks made payable to the "Internal Revenue Service," marked with "F1040-2023" and Zachary's Social Security number, and shall be sent by regular USPS mail to the following address together with Forms 1040-ES (and a copy of each such form and check shall be sent to counsel for the United States by email with the social security number and checking account number blacked out):

> Internal Revenue Service
> P.O. Box 802502
> Cincinnati, OH  45280-2502

To the extent that amounts paid to the IRS pursuant to paragraph 4 or 5 result in an overpayment of tax for any given year, the IRS may offset or credit the overpayment to years covered by this judgment.  To the extent that amounts paid to the IRS pursuant to paragraph 4 or 5 do not fully satisfy Zachary's tax liability for any given year, she shall be liable for the balance owed and shall pay the same with the return which shall be timely filed (which may include an extension if such extension is timely applied for).  This specifically includes but is not limited to any tax attributable to commissions received by Zachary during January through June of 2023 that were not subjected to the provisions of this agreement.

8. Any other amounts paid to Defendant Jennifer S. Zachary by her real-estate brokerage firm employer (currently Coldwell Banker) that would constitute income to her (for example a bonus) will be treated in the same manner as commissions and be divided according to paragraph 4 or 5, above.

9. Notwithstanding this stipulated judgment, the United States may collect against any of Defendant Jennifer S. Zachary's existing assets or any income form a source other than her real-estate brokerage firm. If the United States discovers assets of Zachary (or any nominee, alter ego, or transferee of Zachary) that it deems collectible, the United States may proceed to attach and liquidate those assets, with the proceeds applied to Zachary's outstanding federal income tax liabilities.

10. Within 60 days after entry of this judgment, Defendant Jennifer S. Zachary will provide counsel for the United States with a signed Form 433-A (Collection Information Statement for Wage Earners and Self-Employed Individuals) and will answer any additional questions posed to her regarding her assets, income, and liabilities. The United States may apply to the Court to modify this judgment based on the information contained in the Form 433-A.

11. The provisions of paragraph 4, above, shall remain in effect so long as Defendant Jennifer S. Zachary earns real-estate commissions, regardless of whether she changes employment to another real-estate brokerage firm. Zachary

shall inform the United States in writing of employment by another real-estate agency.

12. The United States shall revisit the repayment-related terms of this judgment in calendar year 2027 (on or before June 30, 2027) to determine whether, based on the circumstances (including Zachary's financial situation), any terms herein should be modified. During its review in 2027, the United States shall have sole discretion to seek a modification of any repayment-related terms of this judgment, or to keep those terms as is. Zachary may object to a modification but the consequence will be that the United States may collect the judgment without restriction by all lawful means. Nothing herein shall preclude the United States from revisiting repayment-related terms of this judgment prior to June 30, 2027, if it receives information justifying a modification of this agreement (for example, if Zachary appears to be earning significant income through other means).

13. Should Zachary file a petition under the Bankruptcy Code (11 U.S.C.), she agrees that the amounts owed under this judgment are non-dischargeable under 11 U.S.C. § 523(a)(1)(C) and (7) except for penalties accrued more than three years before a bankruptcy petition. She further agrees that unless the automatic stay is modified at her motion within 60 days of the filing of a petition, the United States will no longer be restricted by this agreement and may collect the judgment by all legal means (subject to the need to file its own motion

to lift the stay to the extent it seeks to collect other than according to the Bankruptcy Code).

**JUDGMENT TO THE PLAINTIFF AS STATED HEREIN.**


Dated:  July 17, 2023               /s/Terrence G. Berg
                                    TERRENCE G. BERG
                                    United States District Judge

AGREED TO:

DAVID A. HUBBERT
Deputy Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Philip L. Bednar*
PHILIP LEONARD BEDNAR
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.  20044
202-307-6415 (v)
202-514-5238 (f)
Philip.L.Bednar@usdoj.gov
WA State Bar No. 41304


VARNUM LLP

*/s/ Eric M. Nemeth (by email permission)*
ERIC M.  NEMETH (P42925)
WILLIAM L. THOMPSON (P80123)
480 Pierce St., Suite 300
Birmingham, MI  48009
313-481-7330 (v)
emnemeth@varnumlaw.com
wlthompson@varnumlaw.com